IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROLYN K. REIMERS, <br><br> Plaintiff, <br><br> vs. <br><br> JBS USA, LLC, <br><br> Defendant. | 8:13CV42 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's motions for a new trial or to alter or amend the judgment under Fed. R. Civ. P. 59, which the court will also construe as motions for relief from judgment under Fed. R. Civ. P. 60, Filing No. 27 and Filing No. 28.

On February 3, 2014, this court granted defendant's motion for summary judgment and dismissed the plaintiff's case, noting that the plaintiff had "filed no evidence in opposition to the summary judgment motion and no brief in opposition to the motion." Filing No. 25, Memorandum and Order at 5-6; see Filing No. 26, Judgment. The plaintiff now attempts to offer evidence by way of affidavit in opposition to the summary judgment motion, but provides no explanation or justification for her failure to present evidence earlier.

A motion for a new trial or amendment of judgment under Fed R. Civ. P. 59 serves the limited function of allowing a court to correct manifest errors of law or fact or allowing a party to present newly discovered evidence. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 934-35 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which

could have been offered or raised prior to entry of judgment.  *Id.*  Rule 59(e) "provides a means 'to support reconsideration [by the court] of matters properly encompassed in a decision on the merits.'"  *Leonard v. Dorsey and Whitney, LLP*, 553 F.3d 609, 620 (8th Cir. 2009).  Under rule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself.  *Id.*

Rule 60 provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for certain enumerated reasons, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been discovered earlier; or fraud, misrepresentation, or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(1)-(4).  Under Fed. R. Civ. P. 60(b)(6), the "catch-all provision," relief from judgment is available for any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(6).  A motion under that provision, however, may be granted "'only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'"  *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).  Rule 60(b) authorizes relief in only the most exceptional of cases.  *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005).

As noted, the plaintiff has not propounded any reasons for her failure to respond to the summary judgment motion, nor has she presented any exceptional circumstances that would justify relief.  This matter was removed from the State Court where rules concerning progression and motion practice are considerably different than in this court.  In the interest of justice the court will grant plaintiff 14 days from the date of this order to

2

amend her pleadings and or submissions to address the issues outlined above. In the event there are no further submissions by the plaintiff, this motion will be denied. Accordingly,

IT IS ORDERED that the plaintiff's motions for new trial (Filing No. 27 and Filing No. 28) are taken under advisement until June 6, 2014 pending further pleadings or submissions by the plaintiff.

DATED this 23rd day of May, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge